UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENJAMIN BARRY KRAMER,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-cv-678-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court following its June 16, 2014, order for petitioner Benjamin Barry Kramer to show cause why the Court should not dismiss this motion under 28 U.S.C. § 2255 as a "second or successive" petition filed without permission from the Court of Appeals (Doc. 2). Kramer has responded to the order (Doc. 3), and the Government has replied to Kramer's response (Doc. 4).

The Court noted in its order to show cause that this is not Kramer's first § 2255 motion. He filed his first in 1997, *Kramer v. United States*, 97-cv-4117-JLF (S.D. Ill.), which resulted in the vacating of his 40-year drug conspiracy sentence in light of *Rutledge v. United States*, 517 U.S. 292, 300 (1996) (holding that conspiracy is lesser included offense of continuing criminal enterprise ("CCE")), but leaving his life sentence for his CCE conviction in place. Kramer argues that this second motion, which seeks to vacate the CCE sentence, should be treated as a first motion since his 1997 motion was partially successful and resulted in an amended judgment. He believes the Court of Appeals for the Seventh Circuit was wrong in *Kramer v. Olson*, 347 F.3d 214 (7th Cir. 2003), when it held that Kramer's petition under 28 U.S.C. § 2241 was really a second § 2255 motion that required preauthorization by the Court of Appeals under 28 U.S.C. § 2255(h).

Kramer argues that *Magwood v. Patterson*, 561 U.S. 320 (2010), shows the Court of

Appeals was wrong and that he should be allowed to file another petition addressing his amended judgment without being subject to the successive petition approval process. In *Magwood*, the petitioner had been sentenced to death in state court, a federal court had granted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, the petitioner was resentenced in another full sentencing proceeding, and then filed another *habeas* petition. *Id.* at 326-27. The Supreme Court held that the second *habeas* petition was not a "second or successive" petition since it addressed a new judgment and mistakes that were alleged to have occurred in reaching that new judgment. *Id.* at 323-24. As in *Magwood*, Kramer believes his amended judgment is a new judgment that restarts the count for his § 2255 motions.

The Court of Appeals has considered the application of *Magwood* to a situation where the second § 2255 challenges the underlying conviction but does not allege a new error in the resentencing proceedings. It held that, even after *Magwood*, § 2255 "motions after resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they challenge the underlying conviction." *Suggs v. United States*, 705 F.3d 279, 282-83 (7th Cir.) (citing *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001)), *cert. denied*, 133 S. Ct. 2339 (2013).

Regardless of whether this Court agrees with *Suggs*, it is bound to follow it. Accordingly, it must dismiss Kramer's pending motion as an unauthorized second or successive § 2255 motion. Kramer's petition does not allege any new errors that occurred during the entry of the amended judgment, which involved only vacating the conspiracy sentence and leaving untouched the CCE sentence. Instead, based on *Richardson v. United States*, 526 U.S. 813 (1999) (holding the jury must unanimously agree on the underlying violations in a CCE conviction), he attacks his underlying conviction for CCE based on the failure of the Court to limit the jury to consideration of the specific underlying violations listed in the indictment and to require the jury to unanimously

agree to those violations. He also alleges mistakes by the Court of Appeals in his direct appeal and his § 2241/§ 2255 appeal. None of these alleged errors occurred during his resentencing. Thus, his attempt to raise them now constitutes a "second or successive" petition under the rule of *Suggs*. Thus, the Court must dismiss Kramer's pending § 2255 motion for lack of jurisdiction.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate is required even for cases in which the court dismissed an unauthorized second or successive collateral attack for lack of jurisdiction. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012). Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

The Court believes that jurists of reason, like Judge Sykes in her *Suggs* dissent, would find debatable the issue of whether Kramer's pending motion was an unauthorized successive petition after *Magwood*. In light of the fact that *Richardson* is retroactively applicable on collateral

review, *see Lanier v. United States*, 220 F.3d 833, 838 (7th Cir. 2000), a § 2255 motion may provide Kramer relief.   While the Court had doubts about whether Kramer filed his current motion within the limitations period of 28 U.S.C. § 2255(f), it believes he has made a substantial showing of the denial of a constitutional right that deserves further consideration.

For these reasons, the Court **DISMISSES** Kramer's § 2255 motion (Doc. 1) for **lack of jurisdiction**, **DIRECTS** the Clerk of Court to enter judgment accordingly, and **GRANTS** a certificate of appealability on the following issue:

> whether Kramer's pending § 2255 motion is a "second or successive" motion under § 2255(h) such that he should be forbidden from raising his *Richardson* claim unless he secures approval from the Court of Appeals.

**IT IS SO ORDERED.**
**DATED: August 8, 2014**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**